UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMARI TARIQ JOHNSON-EL,

                Plaintiff,

-against-

NIGEL BALGOBIN, d/b/a Officer Nigel Balgobin Badge No. 1240; DANOPOLI, d/b/a Detective of Wallkill Police Department,

                Defendants.

19-CV-11255 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Jamari Tariq Johnson-El,[1] who is appearing *pro se*, filed a notice of removal to remove to this Court an action pending in the Mount Hope Town Court. By order dated January 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court remands the action to the Mount Hope Town Court.

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

[1] A state-court defendant who files a notice of removal in federal court should also be listed as a defendant in the federal action. Here, the state-court defendant, Mr. Johnson-El, listed himself as the plaintiff on the notice of removal filed in this Court. To avoid confusion, the Court here refers to Mr. Johnson-El as "Plaintiff."

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

**BACKGROUND**

Plaintiff filed what he describes as a "NOTICE OF REMOVAL of the unconstitutional Complaint – Summons/Ticket – Suit/Bill of Exchange/Action, Number C155B28BB2Z." (ECF No. 1, at 4.) Plaintiff annexes to the notice a traffic ticket issued to him by Officer Balgobin of the Mount Hope Police for "fail[ing] to keep right" in violation of New York Vehicle and Traffic Code § 1120A. (*Id.* at 15.) He states that the ticket is currently pending before the Mount Hope Town Court.

Plaintiff describes himself as an "Aboriginal Indigenous Moorish-American; possessing Free-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac Constitution, with all due respect and honors given to the Constitution for the United States Republic, North America." (*Id.* at 3-4.) He asserts that his rights were violated when Defendants "commanded that the Petitioner Pay Fine and Costs Imposed under threat, duress, and coercion with a 'man-of-straw' / misnomer word, misrepresented as implying my name, and typed upon the Order/Instrument, and was improperly spelled "Jamari Tyree Johnson" in ALL CAPITAL LETTERS. That misnomer and CORPORATE-NAME, "Jamari Tyree Johnson" is clearly (an artificial – person/entity); is not me, the Natural Person; is a deliberate grammatical error, intended for injury to me; and is clearly not of consanguine relationship to me or to my

nationality, in any form, truth, or manner,; nor to my Moorish Family Bloodline." (*Id.* at 5.) The notice of removal also alleges that Officer Balgobin of "falsif[ied] a statement/report/ticket against an innocent man." (*Id.*)

Plaintiff names as Defendants Officer Balgobin of the Mount Hope Police Department and Detective Danopoli of the Wallkill Police Department.

## DISCUSSION

Removal of this case is improper because Plaintiff does not establish that this Court has subject matter jurisdiction over this action. A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

Plaintiff asserts that the traffic ticket and town court proceedings violate his rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments of the U.S. Constitution, as well as the Treaty of Peace and Friendship of 1786/1787 between Morocco and the United States. Such allegations, however, do not satisfy the well-pleaded complaint rule, which provides that, to determine the presence or absence of federal question jurisdiction, the Court must look only to the complaint in the state action, and not to any potential defenses. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Property Clerk, New York City Police Dept. v. Fyfe*, 197 F. Supp. 2d 39, 41 (S.D.N.Y. 2002) (remanding to state court where Defendant's counterclaim was the sole basis for federal subject matter jurisdiction). Here, the only document that Plaintiff attaches from the state action is the traffic ticket that indicates Plaintiff "failed to keep right" in violation of New York traffic law. Plaintiff therefore fails to establish federal-question jurisdiction.

The Court therefore concludes that this case may not be removed. Thus, the action is remanded to the Mount Hope Town Court. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge*

*Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Defendant and note service on the docket.

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Mount Hope Town Court. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated: February 4, 2020
         New York, New York

                                                    COLLEEN McMAHON
                                         Chief United States District Judge